UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19 CR 857 HEA |
| ) | |
| JEREMIAH RICHARDSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Jeremiah Richardson is charged by indictment with being a felon in possession of a firearm. On November 20, 2019 Defendant appeared before the undersigned Magistrate Judge for a detention hearing, and he voluntarily waived his right to a hearing and Defendant was ordered to be detained pending trial. [Doc. #12]. Before ordering that the defendant be detained, I also considered the report of the pretrial services office [Doc. #8]. In ordering detention, I found by that there were no conditions or combinations of conditions that will reasonably assure the appearance of the Defendant as required and the safety of the community.

Defendant has filed a Motion to Reconsider Detention—Change in Circumstances. [Doc. #28]. The United States of America ("the Government") filed a Response in opposition. [Doc. #31]. A Supplemental Report was filed by Pretrial Services [Doc. #30]. In his motion, Defendant contends that there has been a material change of circumstances such that reconsideration of the order of detention is warranted. Specifically, he states that at the time of his detention hearing, he had two separate holds, one from the Missouri Department of Corrections for a parole violation and the other, a no-bond warrant for a charge in the City of St.

Louis in case number 1922-CR02771.  Since waiving the detention hearing, Richardson's parole has lapsed and Richardson claims the warrant in the City of St. Louis was quashed on May 6, 2020.

Defendant's motion will be treated as a motion to reopen detention hearing pursuant to 18 U.S.C §3142(f), which provides that "the hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142.

Defendant argues that he should be released because he no longer has outstanding warrants; he has no violent felony convictions; and he has a stable residence and a supportive family.  In its response, the Government argued against release.  The Government noted that Richardson has several burglary convictions from 2015 and that Richardson has a history of failing to abide by conditions of pretrial release.  Pretrial Services recommends that Richardson remain in custody because he presents a danger to the community and there is a risk of nonappearance.  In addition, the Pretrial Services report states that an updated warrant check reflects that in case 1922-CR02771, the warrant is still active with no bond allowed.

After considering the arguments set forth at the hearing, as well as the pleadings filed by both parties, there is no new information available that would have a material bearing on whether there are conditions of release that would assure Defendant's appearance as required and the safety of the community.

**IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider Detention—Change in Circumstances. [Doc. #28] is **DENIED.**

Dated this 27th  Day of May, 2020.

                    /s/ Nannette A. Baker
                    NANNETTE A. BAKER
                    UNITED STATES MAGISTRATE JUDGE